FILED
March 06, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____  MGR
DEPUTY

Case 5:25-cv-00225-FB-ESC    Document 49    Filed 03/06/26    Page 1 of 35

## *WESTERN DISTRICT OF TEXAS SAN ANTONIO DIVISION*

GLADYS CARR, is an interested person

Heir, and acting under derivative standing

For her personal interest and for the Estate of

Eddy Carr and out interest, Plaintiff,                    AMENDED COMPLAINT

      v.

UNITED STATES OF AMERICA,

Defendant.                                        Civil Action No. 5:25-cv-0225-FB-ESC

---

AMENDED COMPLAINT FOR WRONGFUL DEATH, SURVIVAL ACTIONS MEDICAL MALPRACTICE, AND NEGLIGENCE UNDER THE FEDERAL TORT CLAIMS ACT.

## I. INTRODUCTION

(1). This action is brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671–2680. Plaintiff **Gladys Carr**, as an heir, survivor, and an interested person on behalf of herself and the Estate of her father, **Eddy Colbert Carr**, seek damages for wrongful death, survival, medical malpractice, negligence, gross negligence, and related harms arising from the acts and omissions of federal employees at Brooke Army Medical Center **("BAMC") and** those working on base in San Antonio, Texas. At all relevant times, the BAMC healthcare providers and others were **involved with Eddy's care and with Gladys** as next of kin and were employees of the federal government and they were working for the United States of America or the **defendants** and acting within the course and scope of their federal employment and their official duties. They caused the damages on all counts by being negligent, gross negligent, and because of their wrongful conducts and omissions and carelessness resulting in the injuries and damages described in this Complaint. Under the FTCA, the United States of America is liable for all resulting injuries and damages herein on this entire complaint and for all claims asserted herein Including for its hospitals and their federal Employees working on base for the defendants.

## II. PARTIES

**\*(2). Plaintiff Gladys Carr** resides at 11925 Ring Drive, Apt. 8105, Manor, Texas 78653, in Travis County, Texas. Her phone number is (737) 247-2665. Plaintiff is the daughter and heir of Eddy Colbert Carr, withstanding to bring survival and wrongful death claims under Texas law. **\*Decedent Eddy Colbert Carr** Lived at 273 Sandy Oaks Estates, in Seguin,

Texas, prior to his death. He was admitted to BAMC on July 24 and passed away on August 3, 2022, in about 11 days.

*(3)..The **Defendants** are the **United States of America**. Under the FTCA they are responsible for the wrongful tort acts of their employees working at BAMC and those working on base, acting in their official capacity or within the scope of their employment for the United States of America. The **Defendants are** represented by Assistant United States Attorney **Darrayl Vereen**, whose office is located **at 601 NW Loop 410, Suite 600, San Antonio, Texas 78216-5597**. His telephone number is (210) 384-7170.

## Venue and Jurisdiction

*(4). This Court has jurisdiction over actions under 28 U.S.C. § 1346(b)(1) because Plaintiff brings tort claims for money damages against the United States arising from the negligent and wrongful acts and omissions of federal employees acting within the scope of their employment at Brooke Army Medical Center ("BAMC") and on base in San Antonio, Texas. Venue is proper **in the Western District of Texas under 28 U.S.C. § 1402(b) because all acts and omissions giving rise to these claims occurred in San Antonio, Texas, within this Courts judicial district.**

## Exhaustion of Administrative Remedies

*(5). Plaintiff satisfied all requirements of the Federal Tort Claims Act before filing this action. The Plaintiff filed two administrative claims with the appropriate federal agency, one on behalf of herself and one on behalf of her father and his estate using standardized forms 95 or the administrative claims form. She provided supporting documents. as required by 28 U.S.C. § 2675(a).. She also submitted the records requests and sent and provided all information reasonably necessary to settle the claims for the administrative review. **The agency denied the claims**, asserting that **Plaintiff lacked standing** to sue them because she was not the estate **administrator of** the estate. This denial was based on a misapplication of federal and Texas law governing heirs, next-of-kin rights, and FTCA standing. Plaintiff alleges that federal employees **had a duty** to correctly apply the legal standards and law to claims and to know the law and to know about exceptions that affect their jobs.  **They** failed to know such and wrongfully denied the claims and they injured Eddy, his estate and the plaintiff causing additional harm and damage to us.

. *(6). **The defendants also denied records** for Gladys and interfered with Plaintiff's ability to protect her father's health and pursue his claims. All conditions precedent to filing suit under the FTCA have been met, and this action is timely. Plaintiff Complied with the CLAIMS process and to all additional proceedings before filing this lawsuit under the (FTCA).. The plaintiff incorporates ALL proceeding allegations throughout this complaint. She waited till the administrative reviews were over with and until she got a denial letter from them and she filed her lawsuits timely for these claims within six months and

completed OUR administrative reviews. **We have exhausted our administrative remedies under the (FTCA) process.**

*(7). The Federal employees herein on all claims were all acting and working in their official duties for the defendants when they wrongfully denied the plaintiff's administrative claims and caused the damages in this entire petition. by ignoring the law, warnings and by acting negligently and wrongfully. Heirs, have standing to sue under survival claims when the estate administrator is silent, conflicted, refuses to act, or when no probate is pending or it has closed. The plaintiff had standing under well-established legal precedents (see **Mayhew v. Dealey, 143 S.W.3d 356, 371,** Texas Court of Appeals, 2004, and under a parent-child relationship to protect her father and herself as a legal heir.

*(8). In this case, no administrator acted for the estate until March 2023, and that appointment was temporary and contested. The administrator has conflicts of interest, including a questionable appointment influenced by a personal payment to the judge, failure to protect the estate, and he has breached his fiduciary duties, in allowing the plaintiff's brother to reside rent-free while misappropriating estate assets. He has refused to communicate or to safeguard the estate and this is reason enough to step in and protect the ESTATE. The plaintiff has requested the administrator's recusal and asserts a vested interest as an heir in the Estate to protect her rights. Heirs may sue when the administrators neglect harms the estate. The plaintiff asserts these breaches and MORE. Justifying her survival claims and her rights to protect herself and the estate. Denying her this right would be unconstitutional given her status as the natural daughter and heir. Under Texas law, as a daughter, as an heir, and as the next kin. She has independent standing to bring wrongful death claims as well. And Gladys asserts **her fundamental right** under federal law regarding **our fundamental** rights in a parent child relationship **and her right to act on behalf of her father and his 'estate to protect him from harm and a right to his medical records.** *The plaintiff's actions preserve the estate's rights, which would have been lost if the Plaintiff had not acted to save these claims...

*(9). Texas law does not require heirs to forfeit their claims because an administrator is inactive or conflicted. Normally, as next of kin, Gladys was, entitled to records annually under defendants' Own hospital policies, but these have been denied. The plaintiff has asked for paper copies of EDDYS medical records to include, for all of the **records** they have since 2022 and she has been denied this wrongfully **in violation of the law.** The defendants continue till even now to obstruct justice and deny these medical critical needed reports, and they are violating the law and misapplying the law and violating their own next of kin policies.

*(10). The plaintiff pleads derivative standing because the administrator is silent, conflicted, and refuses to protect the estate or her rights. She sought to be the administrator, but was denied appointment due to judicial biasness, and lack of counsel. If anyone bars her from bringing valid claims related to her father's death, it would violate constitutional protected parent-child relationships and I plead such. Gladys and Eddy were injured by the defendants' denial of administrative review, records, and consents and because they were **MISAPPLYING THE LAW...**

*(11), **Gladys held a valid power of attorney** from her father, which was never revoked, but the paperwork was lost in 2017 because of a fire. Her brother's subsequent power of attorney was obtained under undue influence and due to distress and distress and **these types of contracts are not valid when obtained this way.**

*(12). Both **the plaintiff and her father had a hospital relationship** with the **defendants**, who owed **(US)** several duties of care. The defendants and their employees breached these duties through negligence, misapplication of the law, denial of records, and by ignoring consent and by all of the acts done in this petition. They denied our wants, wishes, needs, consent for treatment and care and provided only substandard wrongful care and medical care and treatments in general

*(13). Had the defendants acted lawfully and timely, the plaintiff would not have suffered mental anguish or lost her father. Their negligence and wrongful acts, including ignoring certified notices about her father's condition and administering harmful COVID treatments, and in denying food to Eddy and treating him with the wrong medications directly caused her father's death and the plaintiff's damages And Eddy's damages or (OUR) damages herein but not limited to these things...The plaintiff asserts these breaches and injuries throughout her claims, emphasizing her standing and the defendants' failures **to uphold their legal duties.**  All federal employees, while acting within the scope of their federal employment or their **official duties wrongfully denied administrative claims** by failing to consider legal exceptions that allowed Gladys or heirs or the next of kin to sue under survival status or when the administrator is silent, or when the administrator has a conflict of interest, and when the administrator refuses to protect the estate and when no private probate is pending or when the probate has been closed but not limited to these things.

.(14)..plaintiff has standing to bring this lawsuit under multiple well recognized legal exceptions when heirs can and must act fast to preserve their claims. This exception allows

heirs to bring claims when no administration is pending or when probate has closed. Heirs may also bring survival claims when the administrator in this case will not act. Heirs may bring a claim when no administrator has been appointed or when the administration has been formally closed. This case will continue beyond the probate matter, and the probate will close long before this case is heard.  Among other things, heirs may bring a case,  If the administrator did not exist at the time that the heir was filing the claims. In our case the administrator in this case did not exist until March 2023 and he was only supposed to be temporary for the will contest and nothing else. Before this time no one was acting on behalf of the estate.

 *(15). Heirs may bring A suit when the personal representative will not act or cannot act or refuses to protect the estate or when he has a conflict of interest. In this case there are several conflicts with this administrator including how he was appointed because he was friends with the judge. He had paid the judge $10,000 and basically bought his position. He has not acted in our interest and allows my brother to stay on the estate without paying rent while stealing from the estate. And I've asked for his recusal but not limited to these things. I have a right to protect my vested interest as an heir. *The right to protect oneself from damage is recognized in many court cases. The plaintiff asserts that the administrator has failed to protect the estate, and has failed to obtain medical records for us, and has failed to complete an accurate inventory, and has breached his fiduciary duties, and he is biased, and he allows the plaintiff's brother to live on the estate without permission while taking a state assets, and refuses to communicate with the plaintiff or act in the estates best interest. His wife claims that if he spoke to us, that this would be a conflict of interest. At best, Heirs may sue when the administrator has breached his fiduciary duties through neglect, misconduct, or when he refuses to act, and when he causes actions that harm the estates or the heirs. I assert he has done such.

. ( 16).The plaintiff further asserts that if she had not acted, the Federal Tort Claim Acts and actions would have been jeopardized or lost entirely. She also states that the administrator knows about the claims or that she filed suit over such. The plaintiffs' actions worked to preserve the estates rights when they would have been lost, and the plaintiff has her own rights to protect her own self when others will not do such and she pleads She had A vested interest in suing to protect her own rights as a survivor AND AS AN HEIR.  The plaintiff also has independent standing where I can tell the administrator that he cannot sue. Texas does not expect us just to give up our claims and our rights because the administrator will not act and we have a right to protect ourselves and our claims and our interests. Normally I

could get the records one time a year without exception because I'm next of kin by the defendants' own policies, but for the defendants, I have wrongly been denied the records since 2022 when others get records

*(17)..In this case the plaintiff pleads derivative standing because the administrator is silent, conflicted, and refuses to protect the estate or the plaintiffs' rights. Among other things I asked to be the administrator, but the judge was biased and got recused but he said I couldn't be such because I didn't have an attorney. I would state that if there is a law that disallows me to bring valid claims connected to the death of my father with me being the natural daughter of my father that this would be unconstitutional because of the parent child relationship that I had with my father. The court recognizes parent child relationships and our constitutional right to have these and to act in a family member's best interest especially a father child relationship. Just as a father would and could act on my behalf, I could also act on his behalf. but not limited to these things. I was injured by the denials of the administrative review as well and so was my father and over these theories from the defendants and was denied a fair administrative review and I was also denied records and I was denied all of my consents and revocations of consent.

***(18). I did in fact have valid power of attorney a long time ago with my father and it was never revoked but I lost it when I had a fire or the documents when I had a fire in 2017**. But my father never revoked the power of attorney that he gave me, and he signed a document saying such and so did my mother. Later my brother came in and he wanted everything put in his name and he did it by force, distress and under duress and by threats and fighting with my father. **And so my brother's power of attorney was not valid under these conditions**. Documents obtained by distress or by undue influence are invalid and I told the hospital that they were going to have problems over this because my brother's power of attorney was not valid but they ignored me and wouldn't listen. Mike could not be the administrator. Plaintiff Gladys Carr and her father, Eddy Colbert Carr, each had a direct relationship with Brooke Army Medical Center ("BAMC") and its federal employees. As Eddy's daughter, next of kin, and legal representative for purposes of medical decision-making, Plaintiff interacted with BAMC staff, provided consents and revocations of consent, and sought records and information necessary to protect her father's health and safety. Through this relationship, Defendants owed duties of care to both Eddy and Plaintiff. Defendants and their federal employees breached these duties of care to Gladys and to Eddy, by failing to provide safe and appropriate medical treatment to Eddy, They caused personal injury to Gladys by ignoring Plaintiff's consent and revocations of consent and the

6

records request and HIPPA consent forms and next of kin rights and policies and law. And wrongly failed to give me records to save my father's life.

. (19 ).. I have been mentally and emotionally damaged by the loss of access to the records that I was entitled to receive, They caused the loss of my father's life over these denials that were wrongly determined against me for some reason. This also caused my father's death. Over gross negligent denial of the records by denying Plaintiff access to medical records she was entitled to under HIPAA and hospital policy, and by misapplying federal and Texas law governing next-of-kin rights, consent, and records access. Plaintiff alleges that these breaches caused harm to both Eddy and herself and that this resulted in death. Plaintiff further alleges that Defendants' denial of records and refusal to provide timely information prevented her from intervening to stop harmful and contraindicated treatments, including COVID-related medications that caused adverse reactions. Plaintiff sent certified notices warning that Eddy did not have COVID and should not be treated for it, but Defendants disregarded these warnings and continued administering medications to which Eddy was allergic to, Plaintiff alleges that these actions constituted substandard care and contributed to Eddy's deterioration and death. If I would of have had the records, I could of gotten a court order to stop the defendant's wrongful treatment, but for them denying the plaintiff's records request  until now Eddy might have lived.

. (20). Defendants' conduct also caused injuries to Plaintiff, including emotional distress, mental anguish, and the loss of her ability to protect her father. Plaintiff alleges that Defendants' misapplication of law, denial of records, and refusal to honor her rights as next of kin caused her additional harm, including the inability to obtain a court order or evidence necessary to stop wrongful treatment and the death of her father.

(21). **Plaintiff asserts that both she and her father were owed duties of care. Defendants breached** these **duties of care and caused the injuries and damages** described throughout **this Complaint**. **Plaintiff incorporates these allegations into all claims.** She Also states that the defendants wouldn't give her the records and she needed them to save her father's life. Because they would not give her the evidence she could not go and get a court order and her father was dying and the defendants were causing it by their medical neglect and their gross negligence and they wouldn't give me the records so that I could show them that my father needed food and why he needed the food and why food was so important to my father.

7

(22). My father had taken A mild form of diabetic medication before and it is in his records and in his history and when he didn't eat, he would get sick. and he had taken a mild form if diab2tic medication before for this condition and it is in his records, but for the defendants I would have had this information and could have gotten a court order to save my father's life. I watched him weeping and crying and I've been devastated ever since, and he was expecting me to do something and I was trying to do something but I could not do anything when my hands were tied by the defendants and their wrongful conduct. I'm supposed to be able to get the records once a year by paper form all of them if I want them and the defendants have done everything to obstruct me getting these records and have injured me substantially to include I've been personally injured over knowing my father was in danger and the defendants not allowing me to save him and not giving me a remedy to save my fathers life caused  by their obstruction of HIPPA, and next of kin rights.

## IV. STANDING AND ADMINISTRATIVE DENIAL

(23). Federal employees, acting within the scope of their employment, denied Plaintiff's administrative claims on the grounds that she was not the Estates administrator. Plaintiff alleges that this denial was based on a misapplication of the law or federal and state law which governs heirs, next-of-kin rights, and standing under the Federal Tort Claims Act. But Under Texas law, **heirs may bring a survival claim when no administration is pending, when probate has closed, and when no administrator has been appointed**, or when the **personal representative is unable, unwilling, conflicted, or refuses to act**. As Eddy's daughter, heir, and next of kin, Plaintiff also has independent standing to bring wrongful-death claims under Texas law. Plaintiff further asserts that her fundamental rights arising from the parent-child relationship support her ability to act on behalf of her father to protect his interests and obtain his medical records.

(24). Plaintiff alleges that she held a valid power of attorney from her father, that was never revoked but lost in a 2017 fire. Plaintiff asserts that her brother's later power of attorney was obtained under duress and is invalid. Plaintiff further alleges that the administrator's conflicts, inactions, and refusal to protect the estate justify her derivative standing. Plaintiff asserts that the denial of her administrative claims, and their denial of records, was wrongful misapplication of the law that caused harm to her father and all. Plaintiff alleges that timely access to records would have allowed her to intervene, to prevent wrongful treatments that the defendants were giving to her father which contributed to her father's injuries and death. Plaintiff incorporates these allegations throughout this Complaint.

.                              *The plaintiff Status Claims

(25). *The plaintiff identified herself as the daughter of Eddy Carr, the defendant's patient or their patient and as a legal heir, And as the next of kin, and as an interested person and as a person with a vested interest in her father's life, death and the estate. The plaintiff asserts derivative standing because the administrator is silent, conflicted, and refuses to act, I have asked for his recusal. The defendant's claim that she must be the administrator to sue is false and contrary to Texas law. The plaintiff filed this lawsuit within six months of the defendant's final denial, complying with the Federal Tort Claims Act (FTCA) requirements. Gladys submitted two administrative claims using Standard Form 95—one for herself and one for her late father, Eddy Colbert Carr, who died August 3, 2022. The plaintiff also met Texas notice requirements by providing proper notice of intent to sue and submitting lawful requests for medical records. The defendants received two formal claims detailing the incident, injuries, losses, and compensation sought, supported by documents including the death certificate. Based on reason and belief, the plaintiff's father's retirement income was approximately $26,000, Social Security around $16,000, and $488,000 from Walmart retirement benefits, totaling an estimated $530,000...

## History

(26). *I watched my father looking straight at me with his eyes and he was weeping and I have never been the same and I have stayed up at night and had nightmares typing with my fingers with a broken heart over what the defendants did to my father and I will never be the same. *Defendants loss my father's dentures. Losing the dentures was negligent and gross negligent and reckless endangerment because my father would have needed these to eat or chew with. Defendants removed every way that my father could eat and they also caused it where Eddy couldn't swallow. This was reckless endangerment for my father and negligence and gross negligence and medical neglect and medical malpractice. *The defendants caused my father not to be able to swallow which resulted in his death and in him dying. They did NOT give him a feeding tube or feed him or give him drinks or nutrition. My father would have needed his dentures in order to chew food, but the defendants lost Them.

(27). We claim gross negligence and negligence in not feeding Eddy and medical malpractice and medical neglect. The plaintiff asserts a personal injury claim for herself and for her father over what the defendants did connected with all the records and connected with the death and connected with all the adverse issues in this case wherein they kept my father on medications that he was allergic to and they denied him the standard of care that a hospital or a normal hospital would have given him. The plaintiffs assert claims for gross negligence, negligence, medical malpractice, and medical neglect based on the defendants' failure to provide nutrition to Eddy and their continued

administration of a medication to which he was allergic to. The plaintiff also asserts personal injury claims for herself and for Eddy arising from the defendants' conduct, the medical records, the adverse events, and the circumstances leading to Eddy's death.

(29). A reasonable and competent hospital would have immediately discontinued any medication once a patient showed signs of an allergy and would not administer a drug to a patient with a known or reported allergy. The defendants were warned not to administer Remdesivir to Eddy, yet they continued to do so. Their conduct fell far below the accepted standard of medical care. These breaches of duty—including failing to feed Eddy, failing to discontinue a contraindicated medication, and denying him the standard of care—were a substantial factor in causing his injuries and death. In fact, in a normal hospital they won't even give you anything to eat that you're allergic to. **The defendants were basically forcing Eddy to take a medication that he was allergic to against our will and against my father's will which was done without consent.** I am devastated over what occurred. Not only did my father not get safety but Gladys didn't get safety either and our treatments and care were substandard.

### **(In this case I plead the Federal Tort Claims Liability Act).**

(30). All damages in this case are under the FTCA, Which allows individuals to bring claims against the United states of America for personal injury, wrongful death, property damage, and other harms caused by the federal employees acting within the scope of their official duties and who were negligent and we assert all claims in here but not limited to these things. In this case the defendants were the United States of America, and their federal employees were working for them at BAMC and on base, when they caused the injuries and damages in this case. The United States of America is responsible for the damages and claims herein. **The plaintiff pleads all overlapping allegations on all causes of action or claims** and all **overlapping elements and damages are also asserted.**

### General Claims

(31). Plaintiffs assert claims for gross negligence, negligence, medical malpractice, medical neglect, wrongful death, survival, personal injury, negligent misapplication of law, loss of autopsy, destruction of evidence, and negligent mishandling of a deceased body. All claims arise from the same sequence of events and the conduct of the same federal employees. Eddy was admitted to the hospital with known pre-existing conditions. Plaintiff, as next of kin, provided information regarding these conditions and expected the hospital to follow the standard of care. The defendants failed to provide nutrition to Eddy and failed to place a feeding tube, ON HIM despite his inability to eat and his medical need for food due to mild diabetes. Defendants placed Eddy on an NPO diet without consent or medical

justification and administered Remdesivir despite his known allergies and Plaintiff's written revocation of consent. They continued this treatment even after learning Eddy did not have COVID-19. Morphine was given without consent, worsening his cardiac condition. Defendants neglected basic care—failing to monitor breathing, maintain hygiene, or conduct swallowing assessments—and left Eddy restrained, unbathed, and starving for 11 days.

(32). Plaintiff was denied access to medical records despite repeated requests and next-of-kin status. Defendants unlawfully allowed Plaintiff's brother, lacking authority, to override consent and autopsy authorization, resulting in loss of critical evidence. Their refusal to provide records blocked timely court intervention. Defendants' gross negligence, medical malpractice, and neglect caused Eddy's physical deterioration, severe pain, emotional distress, and death. They ignored pre-existing conditions and warnings, leading to reckless endangerment and avoidable death. Claims include Federal Tort Claims Act violations, medical malpractice, negligence, wrongful death, survival claims, personal injury, negligent misapplication of law, and destruction of evidence through mishandling of the body. We seek relief for the profound harm caused by these unlawful and reckless actions. The Defendants were gross negligent when they forced my father to take a medication that he was allergic too, causing him life threatening reactions and reckless endangerment.  Below explains what the defendants and their employees and hospital did to us. The death was foreseeable and predictable and directly caused by Defendants' conduct.

### (33)..THE LIST Medical Treatment and Care Failures

1. Defendants administered unnecessary and harmful medications, including morphine without consent, causing swallowing difficulties, heart rate destabilization, and other side effects.
2. They placed Eddy on an NPO without proper monitoring or reassessment, which resulted in his death by starvation over 11 days. The swallowing issues were predictable side effects of continued administration of medications to which Eddy was allergic too, constituting reckless endangerment and gross negligence.
3. Defendants misdiagnosed Eddy with COVID-19 and treated him, accordingly, ignoring his actual staph infection and depriving him of needed nutrition and care, amounting to medical malpractice and gross negligence. They failed to diagnose and treat the actual infection and to provide alternative, safer treatments or nutrition necessary for recovery. Eddy was allowed to go without food or hydration for an extended period, a condition harmful even to healthy individuals.
4. Defendants ignored warnings from drug manufacturers, the World Health Organization, and Plaintiff's expressed concerns and revocations.
5. Their treatment destabilized Eddy's heart condition, undermining years of effective care.
6. Eddy was allowed to go without food or hydration for an extended period, a condition harmful even to healthy individuals. Defendants denied Eddy and Gladys the standard of care owed to them, including failing to maintain hygiene, bathing, and cleanliness. Eddy was given only one

hand towel during his entire hospital stay; his dentures were lost, affecting his ability to eat and causing emotional distress.

7. Defendants failed to monitor and reassess Eddy's swallowing ability or address related complications. Side effects of medications were ignored and untreated, allowing harm to continue. Defendants breached their duty of care through multiple acts and omissions, failing to exercise the ordinary care a prudent medical provider would under similar circumstances.

8. Although they performed a blood test identifying Eddy's condition, they failed to treat him accordingly. Their negligent treatment worsened Eddy's pre-existing conditions and ultimately contributed to his death. Eddy was neglected regarding hygiene, with unclean clothing and no bathing throughout his hospital stay

9. Defendants allowed Eddy's autopsy, to which Plaintiff consented, to be canceled by a party without proper authority, denying Eddy a thorough investigation.

### (34). THE LIST Medical Diagnosis and Treatment Failures.

10. Defendants failed to correctly diagnose Eddy and failed to properly review and consider his medical records. They failed to treat Eddy with the correct medications and continued administering drugs to which he was allergic despite adverse reactions, warnings, and lack of consent. They wrongly diagnosed Eddy with COVID-19 when he did not have it and continued inappropriate COVID treatments despite his pre-existing conditions, worsening his health. They administered life-threatening drugs, including morphine and COVID medications, without consent or consideration of side effects and pre-existing conditions, destabilizing Eddy's cardiac condition.

11. They failed to act appropriately as Eddy's condition deteriorated, including failing to stop harmful medications or provide alternative nutrition.

12. Defendants ignored warnings from drug manufacturers and the World Health Organization regarding the medications used, including Remdesivir (Veklury).

13. They administered life-threatening drugs, including morphine and COVID medications, without consent or consideration of side effects and pre-existing conditions, destabilizing Eddy's cardiac condition. They failed to act appropriately as Eddy's condition deteriorated, including failing to stop harmful medications or provide alternative nutrition.

14. Defendants placed Eddy on a swallow study and an NPO diet without consent and without proper monitoring, him. This effectively prohibited him from eating or swallowing safely.

15. They neglected basic hygiene and nutrition, including losing Eddy's dentures, failing to bathe him properly, and not providing feeding tubes or hydration.

16. Defendants breached the standard of care. They gave Eddy and Gladys substandard care and services and treatments. They, failed to discontinue medications that were causing life-threatening allergic reactions and conditions .They failed to diagnose and treat Eddy's actual illness, prioritizing COVID treatment over a staph infection that required appropriate care and nutrition. Defendants treated Eddy without Plaintiff's consent, including ignoring her explicit instructions not to treat him for COVID-19 or with certain medications related TO COVID. OR WITH Remdesivir.

### (35). The LIST Consent, Communication, and Legal Violations

(36).  Defendants treated Eddy without Plaintiff's consent, including ignoring her explicit instructions not to treat him for COVID-19 or with certain medications related TO COVID. OR WITH Remdesivir.  They disallowed Plaintiff access to medical records necessary to advocate for Eddy, seek court orders, and pursue legal claims, obstructing justice.

17.     Defendants violated Plaintiff's rights as next of kin, including HIPAA violations, failure to honor consent and revocations, and misapplication of Texas and federal laws.

18.     They ignored Plaintiff's repeated requests for an autopsy and for the body not to be disturbed or transferred before the autopsy was performed.

19.     Defendants misapplied the law by improperly allowing Plaintiff's brother—who lacked valid power of attorney—to override her consent and legal authority regarding medical decisions, autopsy, and body transportation.

20.     They failed to notify Plaintiff about the transfer of Eddy's body to a funeral home and concealed the autopsy denial, causing emotional harm and denying closure.

21.     Defendants denied Plaintiff administrative review and failed to provide emergency access to medical records. They interfered with the fundamental parent-child relationship and misapplied legal standing rules, disregarding exceptions and Plaintiff's constitutional rights.

### (36). The list Mishandling of the Deceased and Funeral Arrangements

22.     Defendants mishandled Eddy's body, transferring it to a funeral home in Schertz without Plaintiff's consent or an autopsy, causing emotional distress.

23.     Plaintiff was denied the opportunity to attend the cremation, which occurred without her knowledge or consent, causing additional emotional harm.

24.     Defendants' mishandling of the body and funeral arrangements denied Plaintiff closure and caused personal injury.

### (37). The LIST-Resulting in Harm and Damages

25.     Defendants' actions caused the premature death of Eddy through medical malpractice, gross negligence, and reckless endangerment. They caused Gladys and Eddy mental, emotional, psychological, physical, and spiritual harms. Financial losses resulted from funeral expenses, legal costs, probate, appeals, and litigation. Plaintiff lost the opportunity to have her case reviewed by a medical expert and to obtain expert witnesses and medical merit reports due to loss of evidence. Defendants' breaches caused ongoing harm, pain, suffering, and personal injury to Plaintiff and her family. Defendants obstructed justice by denying duties of care and preventing Plaintiff from securing legal representation.

26.     The issues with Eddy's death were foreseeable and directly caused by Defendants' conduct.

### Medical Records, Autopsy, and Body Handling

### (38). THE LIST-Allegations Concerning the Rights of Gladys

27. Plaintiff did not consent to any transfer of Eddy's body without an autopsy. Defendants withheld essential medical records from 2022 through the present, hindering Plaintiff's ability to pursue

13

administrative claims or this lawsuit effectively. Plaintiff requests leave to amend claims if necessary, once full medical records are obtained and for all appropriate relief.

28. Defendants failed to provide Gladys with timely access to medical records from 2022 onward and continue to withhold these records, obstructing her ability to advocate effectively for her father and pursue legal claims. Defendants ignored valid consent forms for an autopsy, discriminated against Gladys despite her status as primary child and next of kin, and violated HIPAA and their own policies protecting patient and next-of-kin rights.

29. Defendants breached Texas and federal laws by misapplying consent laws, overriding Gladys's legal authority concerning medical decisions, the autopsy, and the transportation of Eddy's body, while mishandling and transferring the body without authorization or Plaintiff's consent. Defendants unlawfully allowed Plaintiff's brother to override her consent and authority despite clear notice that his power of attorney was invalid due to undue influence and distress. Defendants failed to perform the promised autopsy, causing Gladys to lose expert witnesses, a medical merit report, and critical documentation necessary to either close the matter or pursue her claims with certainty.

30. Defendants failed to provide proper administrative review and ignored emergency needs for medical records, further harming Gladys's ability to protect her father.

31. Defendants ignored Plaintiff's revocations of consent, requests, and expressed opposition to COVID treatments, denying her the right to consent or refuse treatment on behalf of her father. The Defendants disregarded manufacturer and World Health Organization warnings regarding medications, causing unnecessary suffering, mental and emotional distress, and physical harm to Eddy and Gladys.

32. Defendants exhibited reckless disregard and indifference toward the health, safety, and rights of both Eddy and Gladys, exposing them to extreme risk and life-threatening harm.

33. Defendants failed to recognize and respect the fundamental parent-child relationship protected under the Constitution and confused or misapplied legal standing rules, ignoring exceptions and the rights of next of kin.

34. Defendants mishandled Eddy's body by transferring it to a funeral home in Schertz, Texas, without Plaintiff's consent or an autopsy, forcing Plaintiff to deal with a funeral home she did not choose, excluding her from the cremation ceremony without notice, and causing emotional and personal injury.

35. Defendants' wrongful conduct caused Plaintiff to lose her last opportunity to see her father alive and denied both Plaintiff and Eddy a standard of care comparable to competent hospitals.

36. Defendants caused medication-induced side effects, nutritional deprivation, restricted mobility by binding Eddy's hands and feet, and administered drugs that destabilized his cardiac condition without consent. Defendants failed to follow standard procedures for allergic reactions, ignored warnings from drug manufacturers and international health authorities, and neglected to stop harmful medications.

37. Defendants failed to preserve autopsy records and neglected Eddy's best interests by failing to perform the autopsy.

38. Plaintiff, her family, and her father have endured wrongful death, medical malpractice, and gross negligence because of Defendants' breaches of duty. Plaintiff seeks full relief and damages to which she and her family are legally entitled.

## (39). CLAIM 1 AND COUNT 1– Violations of the Federal Tort Claims Act .

**(40).** Plaintiff and Eddy had a hospital–patient relationship with the defendants, creating a duty of care owed to Eddy and to Plaintiff Gladys as next of kin. Defendants breached this duty through multiple acts and omissions. Defendants failed to review and consider Eddy's medical records, including his preexisting conditions, medication allergies, and medical history. Defendants failed to diagnose Eddy correctly and failed to timely identify or treat a confirmed staphylococcal infection. The plaintiff asserts they also did all of the issues in **THE LIST ABOVE and incorporates this into this section.**

**(41).** They wrongfully misapplied the law. And their denials had an impact on Eddy's life.   If the defendants had given the plaintiff, the records she could have gotten a court order to stop what they were doing, and she could have saved her father's life. They also wrongfully denied administrative claims and misapplied the law and ignored my consent and ignored my revocations of consent and ignored my autopsy request and my request not to transfer the body over and in fact they ignored my warnings by being negligent when they also transferred the body over to Schertz Funeral Home without authorization,

**(42).** When I did not want to do business with this Funeral Home and it cost me extra money and I also didn't get to see my father cremated because this Funeral Home didn't tell me when they were going to do the cremation. and I had gone three times, and they had not done it and they never told me when it was going to be and they actually did it and did not tell me when it would be. I told everyone that I wanted to be there, and It has devastated me and harmed me mentally emotionally and psychologically and I have never had closure over what has occurred in this case. I had a right to see my father before he died and before he had his cremation and I did not get such because of the defendants. The Funeral Home director was difficult, uncooperative and caused the plaintiff extra emotional distress and mental anguish to include legal costs. An ongoing harm. Defendants misdiagnosed Eddy with COVID-19 despite negative tests done at home and later done at the funeral home. But they continued treating him for COVID-19 without medical justification. Defendants administered inappropriate and harmful medications, including morphine and Remdesivir/Veklury, despite known or reported allergies, adverse reactions, and written revocation of consent.

**(43).** Defendants continued administering medications after Plaintiff instructed them to stop these and after Eddy showed signs of allergic reactions and deterioration. The defendants, failed to place a feeding tube on Eddy, and placed him on an NPO diet, status without consent and without providing alternative nutrition or feeding support. Defendants failed to monitor Eddy's ability to swallow, failed to conduct proper assessments, and failed to adjust medications that impaired

swallowing. Defendants and their employees and their hospital caused the side effects for Eddy by Given Eddy a drug that was toxic to him and inappropriate for him and which had several life-threatening side effects attached to it that we did not want, need or consent to.

**(44).** Some of these life-threatening medications WERE and Would interfere with my father's pre-existing conditions and treatments that had worked for him and that had kept him alive for years. Because the defendants added on an inappropriate medication it was causing all kinds of reactions to my father. It made it where my father could not swallow or it was causing swallowing difficulties and reactions.

**(45).** This changed my father's heart rate and destabilized my father's heart condition, and it would either make it go faster or slower. Defendants lost Eddy's dentures, preventing him from chewing or eating food, contributing to malnutrition and decline.  Basically, Eddy spent 11 days without food, And COVID and NPO doesn't make sense. Why would they put somebody on an NPO diet for a COVID or staph infection or on Morphine?  Defendants administered medications that affected Eddy's heart rate and destabilized his cardiac condition. Defendants failed to provide the standard of care that a reasonable and competent hospital would have provided under similar circumstances. Defendants failed to obtain proper consent for treatments and procedures and treated Eddy without valid authorization.

**(46).** Defendants withheld medical records from Plaintiff, preventing her from seeking timely interventions to protect Eddy's health and ensure proper care. Defendants deviated from a standard of care and caused reckless endangerment for Eddy, and his death was avoidable and not caused by natural causes. But instead, it was caused by medical malpractice and neglect.

**(47).** Defendants failed to consider Eddy's preexisting conditions, including diabetes and medication allergies, and failed to adjust treatment accordingly, OR TO PROPERLY TREAT SIDE EFFECTS and his conditions and these acts and omissions constitute negligence, gross negligence, medical malpractice, medical neglect, and violations of duties owed under the Federal Tort Claims Act. As a direct and proximate result of defendants' negligence, gross negligence, medical malpractice, and wrongful treatments, Eddy C. Carr suffered severe physical pain, preventable deterioration, and ultimately death. The Plaintiff, Gladys suffered emotional, mental, and financial harm, including funeral expenses, legal fees, probate costs, court costs, and expenses related to appeals and administrative processes.

**(48).** Plaintiff Gladys suffered emotional anguish, mental distress, loss of companionship, loss of guidance, and the loss of her father's life, love, and support. Plaintiff Gladys suffered personal

injury arising from defendants' denial of records, misapplication of law, and obstruction of her rights as next of kin and from the loss of a promised free autopsy and the free expert witness, and medical merit report and the documents about my father's medical condition and information about the death. This information was priceless to Gladys, and she has claims over evidence losses and personal injury and other claims over mental and emotional anguish associated with these losses, All damages claimed are recoverable under federal and Texas law, including damages permitted under the FTCA, wrongful death statutes, survival statutes, negligence, gross negligence, medical malpractice, and personal injury claims. Plaintiff reserves the right to amend this Petition as additional medical records and information are obtained, as defendants have withheld records necessary to fully present all claims. And she pleads a Prima Facie Negligence claim on all of the claims.

### Damages

**(49).** Plaintiffs seeks all economic and non-economic damages permitted under federal and Texas law. Economic damages include funeral expenses, legal fees, probate costs, appeals, and other financial losses.  Non-economic damages include pain, suffering, emotional distress, mental anguish, loss of companionship, and loss of enjoyment of life, loss of love, loss of life, loss of gifts, inheritance losses, loss of income, retirement, social security and Eddys earning capacity, but not limited to these things.  I plead both Eddy and Gladys have damages and have been subjected to emotional and mental distress, pain and suffering and losses. And I incorporate any or other losses or damages or counts from other claims into this claim or all of the other counts which are under the FTCA into this claim. **All counts are under this claim** and have **(+These Damages+)**. And all counts occurred by federal employees working within the scope of their federal employment for the United States of America who are the defendants and all claims alleged negligence to include **[the list].**

### *[Claim 2 – Medical Negligence and Medical Malpractice                ]

**(50)..** Medical malpractice and medical negligence are as follows: Medical negligence in this case refers to the defendants and their hospital and their employees  failing to meet a standard of care when it does not result in harm or death, while medical malpractice involves harm caused by breaches of duty by a healthcare providers actions or omissions that were significant deviations from accepted standards of care.  The harm was caused by medical neglect and malpractice due to negligence and gross negligence. In this case, Plaintiff alleges that Defendants, as healthcare providers, owed Eddy a duty to provide medical care consistent with the accepted standards of the

medical profession. Defendants breached this duty through multiple acts and omissions, including but not limited to the following: (**The-List)** and by Administering inappropriate and harmful medications, including Remdesivir/Veklury and morphine, despite known or reported allergies, adverse known reactions, and written revocation of consent. The defendants failed to review Eddys medical records and they failed to diagnose him correctly and they forced him to take a medication that he was allergic to and kept him on this drug despite all warnings and our consent and they forced him to take something that he was allergic to, or a medication that he did not need And that we did not want and that was causing him to have side effects and rather than treat him with something safer they continued to treat him and force him to take medication he was allergic to. This worsened his condition and destabilized his heart condition and then they added on morphine which slows your heart rate down. Also affecting his condition. And then they added on an NPO diet that destroyed his condition. And all herein caused my father's death.

**(51)..** They Failed to diagnose Eddy's true medical condition and provided treatment for conditions he did not have, including treating him for COVID-19 despite negative tests. They Failed to diagnose or timely treat a confirmed staphylococcal infection. They Neglected to provide adequate nutrition and hydration, resulting in starvation, dehydration, and preventable deterioration. They

**(52)..** Placed Eddy on an diet without consent and without providing alternative nutrition or a feeding tube or feeding support. They Failed to monitor Eddy's ability to swallow and they failed to adjust medications that impaired swallowing. They lost Eddy's dentures, preventing him from chewing or eating food or swallowing and this contributed to malnutrition.

**(53)..** They Ignored requests for safer alternative treatments and drugs and they failed to treat the actual infection. They Treated Eddy without proper consent, including COVID-19 treatments, swallow-related procedures, and medications administered for covid. They, Failed to consider Eddy's pre-existing conditions, including diabetes, cardiac issues, and medication allergies. They Administered medications that destabilized Eddy's heart rate and interfered with his existing cardiac treatment. They Failed to provide the standard of care that a reasonable and competent hospital would have provided under similar circumstances.

**(54)..** Causation: These breaches of the medical care directly caused injury, suffering, and ultimately contributed to Eddy's death and the defendants' WRONGFUL treatments and care and actions worsen Eddys conditions. Plaintiff Gladys suffered damages as a result, of the defendants' breaches including emotional distress, mental anguish, financial losses, and personal injury arising from Defendants' conduct. We plead **(+These Damages+)  on page 17 of the FTCA.**

18

## Damages

**(55)..**  Plaintiffs seeks all damages permitted under federal and Texas law for medical negligence and medical malpractice, including: •**Economic damages**, such as funeral expenses, out of pocket cost, fees, legal fees, court cost, probate costs, and other financial losses. We plead funeral home cost and mental and emotional suffering and damages for Eddy and for Gladys AND **Non-economic damages**, and mental and emotional suffering and damages for Eddy and for Gladys including pain, suffering, emotional distress, mental anguish, loss of companionship and the wrongful acts, and loss of enjoyment of life gifts love, pay, earning capacity and all herein on this complete petition. We incorporate (**the \*list.) and all other damages listed on other claims herein and reserve the right to amend damages were needed at any time and this complaint. The** Plaintiffs seeks all damages allowed under the FTCA and Texas law and federal law for negligence, gross negligence, medical malpractice, wrongful death, survival, and personal injury but not limited to these things, to include all damages allowed or listed in this entire petition. ***

## Claim 3 – Negligence and Gross Negligence.

**(56)..**  **A. Negligence-**Duty. Defendants owed Eddy a duty to exercise ordinary care and to act as reasonably prudent healthcare providers under the circumstances. Breach. Defendants breached this duty through multiple negligent acts and omissions, including but not limited to: **THE LIST A AND B above.** We plead **(+These Damages+) on page 17 of the FTCA.**

**(57)..**  •**Defendants** Administered medications despite Eddy's known allergies in conflict with these given medications. They failed to discontinue them after adverse reactions. They Failed to review and consider Eddy's medical records, including his diabetes, cardiac issues, medication allergies, and medical history. They Misdiagnosed Eddy and treated him for a disease that he did not have.. They failed to diagnose him timely and to  treat him for a condition that he in fact, did have. They did not timely treat Eddy for staphylococcal infection or treat him for it at all. They Failed to provide appropriate medications and instead administer inappropriate and harmful drugs, including Remdesivir/Veklury and morphine. And they Failed to provide food, nutrition, hydration, or a feeding tube to a diabetic patient, resulting in starvation, dehydration, and preventable deterioration.

**(58)..**  They Placed Eddy on an NPO status and a swallow study without consent and without providing alternative nutrition or monitoring for the swallowing issues and lost his dentures. They failed to monitor Eddy's swallowing ability or conduct proper assessments to see if he could later

swallow. They Treated Eddy without proper consent, including administering medications that caused serious swallowing-related side effects, and treating him for COVID-19 despite negative results.

**(58)..** They Mishandled the body and transported Eddy's body without the Plaintiff's consent and failing to provide the promised autopsy, resulting in the loss of critical evidence and a free expert and medical evidence.

**(59)..** They Misapplied the law by refusing to provide records to the next of kin, violating Plaintiff's fundamental parent–child rights, and preventing her from protecting Eddy's health. They Failed to provide the standard of care that a reasonable hospital would have provided under similar circumstances. These negligent acts and omissions directly and proximately caused Eddy's physical pain, preventable deterioration, and death. The harm was foreseeable and predictable. Plaintiff also suffered emotional distress, loss of companionship, and the loss of critical evidence due to Defendants' negligence. And all of the damages listed in this entire petition.

**Gross Negligence We plead (+These Damages+) on page 17 of the FTCA.**

**(60).. Defendants' conduct rose to the level of gross negligence because they acted with reckless disregard and conscious indifference to the extreme risk of harm to Eddy and to Plaintiff's rights. They were gross negligent when continuing to administer Remdesivir/Veklury despite known allergies, adverse reactions, and written revocation of consent. They were gross negligent when they Ignored clear signs of deterioration and failed to discontinue harmful medications or to stop these. And when they forced Eddy to take medications that he was allergic to and did not stop these. They were gross negligent because we didn't want it. . They cannot force somebody to take medicine, but they did and they gave it to him by force and without our consent. They were gross negligent when they failed to provide Eddy proper food and nutrition, or a feeding tube, or food and drink and when they placed Eddy on an NPO diet status without consent, and when they failed to provide a feeding tube or alternative nutrition for Eddy. And when they Failed to treat a staphylococcal infection while continuing unnecessary COVID-19 treatment. And when you have staph infection, you need nutrition and it's very important, but they ignored such. My father would not have been able to get better by taking COVID medication and going without food and he was getting worse but if they would have treated him for staph infection and given him nutrition he might have lived or he probably would have lived. It was them they caused this death. They didn't feed my father, they didn't treat my father correctly and they didn't treat**

**us correctly either. They were gross negligent when they Administered medications that destabilized Eddy's heart rate and conflicted with his cardiac WORKING medical treatments.**

**(61)..  And they were gross negligent when they denied records and destroyed, autopsy evidence and when they negligently Mishandled Eddy's body and when they transported the body without my consent to the funeral home without Plaintiff's consent, causing emotional harm and loss of evidence. They were gross negligent in Allowing an unauthorized individual to override Plaintiff's legal authority regarding medical decisions and autopsy authorization.**

**(62)..  • They were gross negligent in Ignoring Plaintiff's repeated warnings, and concerns, and consents and denied consents and when they ignored warnings from the drug manufacturer and the WHO… Defendants  gross negligence caused foreseeable and predictable losses and caused Eddy's suffering, deterioration, and death And this was the direct and approximate cause of my father's death.. Their reckless disregard for Eddy and Gladys also caused Plaintiff and Eddys emotional distress, loss of companionship, financial losses, and all of the loss of critical evidence necessary to pursue justice and the death of Eddy.**

**(63)..** Continuing harmful medications despite allergic reactions and warnings, Did not help Eddy. It caused fear and anxiety and depression for the plaintiff who knew if she didn't do something that her father was going to die and because her hands were tied wrongfully by the defendants  she couldn't do anything because they were keeping the records from her unfairly despite her being the next of kin and entitled to have these records. **And (the LIST).**

**(64)..  They were gross negligent when they wrongfully** Withheld needed records to  prevent death in this case.  They have caused extreme pain and suffering for Gladys and for her Father , I plead gross negligence that caused personal injury to Gladys and Eddy. **They were gross negligent in** Failing to provide food, hydration, or a feeding tube despite obvious need and Eddy was denied enjoyment of food. Also Treating Eddy without consent and for conditions he did not have  was gross negligent and Lossing his dentures was gross negligent. I assert the list and **They were gross negligent in doing anything else that was ressentiment by law to include (the LIST).**

### *Damages for gross negligence*

**(65)..  We CLAIM All damages permitted under federal and Texas law** for negligence, gross negligence, wrongful death, survival, and personal injury. We plead **(+These Damages+)**  on page 17 of the FTCA BUT NOT LIMITED TO THESE THINGS.

(66).. As a result of Defendants' conduct, **Plaintiffs suffered**: Physical injury and sufferings to include Eddy's pain prior to death and Gladys's denied rights and denied treatments and pain and sufferings of all kinds. And Eddy suffered cruel and unusual starvation, loss of life and other pains and losses.  We have Emotional distress, mental anguish, and loss of companionship to Plaintiff Gladys. Financial losses, including funeral expenses, legal fees, probate costs, and loss of gifts, and related expenses. Loss of guidance, support, help and the parent-child Relationship, loss of earning and the capacity to earn, And we plead.  any and all economic and non-economic damages that the state of Texas or the federal court allows but not limited to these things. And we incorporate all allegations and all claims into this claim.

<u>                       **[Count-4 and *Claim 4 – Wrongful Death]              ***</u>

(67).. <u>Duty:</u>
<u>The defendants owed Eddy a duty to provide medical care consistent with the accepted standards of the medical profession and to act as reasonably prudent healthcare providers under the circumstances. Additionally, the defendants owed Plaintiff Gladys, as next of kin, duties arising from federal law, hospital policy, and the Federal Tort Claims Act. These duties included responsibilities related to consent, communication, and the preservation of evidence.</u>

(68).. <u>Breaches:</u>
<u>The defendants breached their duties through multiple acts and omissions, including but not limited to the following (as incorporated in the attached list):</u>

- <u>Failing to diagnose or timely treat Eddy's staphylococcal infection.</u>
- <u>Treating Eddy for COVID-19 despite negative test results, thereby treating him for a condition he did not have.</u>
- <u>Administering Remdesivir (Veklury) and morphine despite known or reported allergies, adverse reactions, and a written revocation of consent.</u>
- <u>Failing to discontinue harmful medications after adverse reactions were discovered, continuing treatments that caused Eddy's condition to deteriorate.</u>
- <u>Forcing treatment on Eddy against his will and against the will of his family, including administering medication that caused wrongful side effects due to his allergies.</u>
- <u>Wrongfully placing Eddy on NPO status without consent and without providing alternative nutrition or feeding support.</u>
- (69).. <u>Failing to feed Eddy, failing to place a feeding tube, and failing to monitor his ability to swallow. Losing Eddy's dentures, which prevented him from chewing or eating, contributing to malnutrition. Neglecting his basic care needs, including leaving him dirty and with a soiled apron.  Failing to consider Eddy's pre-existing conditions, including diabetes and cardiac issues.</u>

**(70)..** Administering medications that destabilized Eddy's heart rate and interfered with his cardiac treatment. Treating Eddy without proper consent for medications, procedures, and COVID-related interventions. Withholding medical records from Plaintiff despite her status as next of kin, thereby preventing her from intervening to protect Eddy's health Misapplying the law, hospital policies, and federal regulations regarding consent, records, and next-of-kin rights, resulting in wrongful death. And (**THE LIST**). The defendants owed Eddy a duty of care to provide safe medications and treatments and to immediately discontinue any treatment to which he was allergic. They breached this duty by continuing to administer and force Eddy to take medicine to which he was allergic, failing to alleviate the resulting side effects, and exacerbating these effects by denying him food, drink, and nutrition by mouth. These breaches and failures collectively caused the death of my father. The injuries and death were caused by the United States of America, its employees, agents, servants, and the hospital through wrongful acts, negligence, carelessness, unskillfulness, medical malpractice, medical neglect, gross negligence, and unsafe conditions. Had Eddy survived, he would have been entitled to bring an action for these injuries. Furthermore, the defendants acted unlawfully and without our consent.

**(71)..** Legal-Principles:
A cause of action for personal injury to the health, reputation, or person of an injured individual does not abate due to the death of the injured person or the death of the liable party. Such personal injury actions survive in favor of the heirs, legal representatives, and the legal estate of the injured person. These actions can be prosecuted as if both the injured and liable persons were alive.

**(72)..** Wrongful Death:
A wrongful death occurs when a person's life is lost as a result of another party's negligence, recklessness, or intentional wrongdoing. According to Cornell Law, wrongful death claims are civil lawsuits that allow surviving family members to recover damages for losses caused by their loved one's death.

**(73)..** Defendants owed Eddy a duty to provide medical care consistent with the accepted standards of the medical profession and to act as reasonably prudent healthcare providers under the circumstances. Defendants also owed Plaintiff Gladys, as next of kin, duties arising from federal law, hospital policy, and the Federal Tort Claims Act, including duties related to consent, communication, and preservation of evidence.

**(74)..** **Breaches**: Defendants breached their duties through multiple acts and omissions, including but not limited to: (**The list incorporated**) and by Failing to diagnose or timely treat Eddy's staphylococcal infection.  Treating Eddy with COVID-19 despite negative tests and treating him for a condition he did not have. They Administered Remdesivir/Veklury and morphine despite known or reported allergies, adverse reactions, and written revocation of consent. They Failed to

discontinue harmful medications after adverse reactions were discovered, and they continued treatment that caused deterioration for Eddy. They forced treatment for Eddy against his will and against our will to take a medication and endure wrongful side effects for something he was allergic too. They wrongfully Placed Eddy on NPO status without consent and without providing alternative nutrition or feeding support. They Failed to feed Eddy, they failed to put a feeding tube, on him and they failed to monitor his ability to swallow. • They lost his dentures, preventing him from chewing or eating food which contributed to malnutrition. They neglected his basic care, including leaving Eddy dirty, and with a soiled apron. They Failed to consider Eddy's pre-existing conditions, including diabetes and cardiac issues. They Administered medications that destabilized Eddy's heart rate and interfered with his cardiac treatment. They Treated Eddy without proper consent with medications, procedures, and COVID-related interventions. They Withheld medical records from Plaintiff despite her next-of-kin status, preventing her from intervening to protect Eddy's health. They misapplied the law and hospital policies and federal regulations regarding consent, records, and next-of-kin rights causing Wrongful death

**(75)..** The defendants owed a duty of Care to Eddy to give him safe medications and treatments and to stop giving him anything that he was allergic too. They continue to give and force Eddy to take something that he was allergic to and they did not alleviate these side effects, instead they acted to enhance these side effects by denying food, drink and nutrition by mouth. They breach this duty by (**doing the list)** of breaches and failures that caused my father's death, an in failing to act safely. We incorporate (**the list and these failures)** that eventually caused the death of my father. These injuries were caused by the United States of America and their employees and their agent's or servant's and hospitals wrongful acts, negligence, carelessness, unskillfulness, or by default or because of medical malpractice, medical neglect or negligence and gross negligence or bad or unsafe conditions. If Eddy had lived in this case, he would have been entitled to bring an action for the injury if he had lived. The defendants were unlawful and acted without our consent

**(76)..** A cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person or because of the death of a person liable for the injury. A personal injury action survives to and in favor of the heirs, legal representatives, and the legal Estate of the injured person. The action survives against the liable person and the person's legal representatives. A suit may be instituted and prosecuted as if the liable person were alive or if my father was alive. A wrongful death occurs when a person's life is lost as a result of another party's negligence, recklessness, or intentional wrongdoing. According to **Cornell Law**, wrongful death claims are civil lawsuits that allow surviving family members to recover damages for the losses caused by their loved one's death. And we claim these damages.. These breaches constitute negligence, gross negligence, medical malpractice,

and wrongful conduct and reckless endangerment and life-threatening care done to Eddy which led to death under Texas law and under the Federal Tort Claims Act.

**(77)..  Causation=Eddy C Carr** died as the direct and proximate cause of Defendants' negligent, grossly negligent, reckless, and wrongful acts, including their **Failures to treat the actual infection over medications and set effects that was allergic to.** And they over the defendants' failures to discontinue harmful medications. And over Starvation, dehydration, and lack of nutrition. And because they put him on NPO status without consent. and because they Failed to monitor swallowing or provide feeding support or the record to Gladys and Because they ignored warnings! And because They Neglected his basic care and hygiene. They failed to consider pre-existing conditions. They Administrator medications that destabilized his heart. They Treated him for conditions that he did not have. Eddy's death was foreseeable and preventable had the Defendants exercised ordinary care. The defendants did not treat Eddy or provide care like a normal hospital would have and they breach their duties of care and a standard of care by all herein but not, limited to these things. We incorporate all other elements done on this complete petition and allegations. We plead **(+These Damages+) on page 17 of the FTCA and the List.**

### [Wrongful-Death Damages]

**(78)..** Plaintiff Gladys seeks all damages permitted under federal and Texas law, including Loss of financial support, including retirement income, Social Security, Walmart retirement, expected earnings, and inheritance. Loss of companionship, society, love, comfort, and familial relationships. Emotional distress, mental anguish, grief, and suffering caused by Defendants' conduct. Loss of guidance, help, support, and the parent-child relationship. Loss of enjoyment of life and the loss of Eddy's life itself. We plead **(+These Damages**+) on page 17 of the FTCA BUT NOT LIMITED TO THESE THINGS. to include Texas and federal damages allowed by law.

**Economic damages**, including funeral expenses, legal fees, probate costs, and related financial losses.•

**Non-economic** damages, including pain, suffering, emotional distress, and mental anguish.

**(79)..** Plaintiff asserts all damages allowed under the FTCA, Texas wrongful-death statutes, survival statutes, negligence, gross negligence, medical malpractice, and personal injury law. We claim Loss of financial support (retirement income, Social Security, Walmart retirement, expected earnings and inheritance). We claim Loss of companionship, society, and love and support. And infliction of emotional and. mental anguish distress and pain and suffering caused by the

defendant's actions. We claim emotional distress suffered by the plaintiff and her father. We claim Loss of guidance, comfort, and familial relationships, loss of gifts.. We claim Pain and suffering for Gladys and Eddy. Loss of enjoyment and the loss of life, grief.   When filing a wrongful death lawsuit in Texas, we may be eligible to recover various damages. **These damages are intended to address both the financial and emotional hardships suffered by surviving family members.** The compensation can be categorized into three primary types: Loss of Household Income and Support and the help the plaintiff could have received from Eddy.. Compensation for lost income and financial support and loss of money that Eddy could have made or earned,  wages, retirement, social security benefits, and services the deceased would have contributed to their family, Employer-sponsored benefits, such as health insurance or pensions. And future earnings and the loss of gifts from my father.

**(80)..** Mental Distress and Loss of Companionship ---Losing a family member also means losing the intangible aspects of their presence. Families may claim damages for the emotional suffering caused by their loved one's absence, often referred to as "pain and suffering." Additionally, children may recover compensation for losing companionship, love, and guidance, and In Texas, families can also seek compensation for the loss of inheritance. This refers to the financial legacy the deceased could have reasonably been expected to leave behind if their life had not been cut short.

<u>**Compensatory Damages in Wrongful Death Lawsuits**</u>

**(81)..** Compensatory damages encompass **economic damage**s (tangible financial losses) and **non-economic** (intangible personal losses).

**Economic Damages**

**(82)..** Damages for the financial consequences of a wrongful death **damages** and these include:

**Medical Expenses:** Costs incurred for the deceased's treatment before their passing.

**Funeral and Burial Costs:** Reasonable expenses for laying the loved one to rest.

**Lost Wages and Benefits:** The deceased would have earned income and perks if they were still alive. Probate and legal cost and fees and appeals and documents and funeral home expenses and issues endured over the issues herein but not limited to these things. We claim loss of help from my father.

**(83).. Non-Economic Damages and     Distress:** We claim mental suffering and grief experienced by the surviving family members and my father's weeping and crying for help and this emotional drama that he went through and that I witnessed, and my fathers and our pain and my personal pain in seeing such. I claim damages over having to filed a law suit and over cost associated with this, and over having to work day and night on a case while typing in pain and in depression, but for the defendants I would have had a merry life rather than having to suffer

with all kinds of issues and pains and harms related to this case, and I claim future expenses and mental and emotional damages caused to Gladys over all herein and I was planning a big birthday party for his 90th birthday and I wept over this.

**(84).. Loss of Companionship:** The deprivation of love, enjoyment, memories that we could of had, but for the defendants, support, and guidance from the deceased. Families may claim damages for the emotional suffering caused by their loved one's absence, often referred to as "pain and suffering." Additionally, children may recover compensation for losing companionship, love, and guidance and a parent-child relationship with Eddy and we claim these losses on all claims. * And any other damages allowed by Federal or Texas law.* <u>We plead</u> **(+These Damages+) on page 17 of the FTCA.**

## <u>Count 5, Claim 5-Survival Damages</u>

**(Eddy's Damages that pass to the estate and the heirs).**

**(85)..** We have **the same duties and breaches (above)** that were owed to Gladys and to Eddy **and to the ESTATE** and the same **Causation for the damages** or issues herein on this entire petition and under the **( LIST under A and under B) and WE incorporate these where these are necessary TO INCLUDE on ALL OVER LAPPING ISSUES.**

**(86).. Damages**: We have the same damage for the most part on all of the claims. We have Eddy's physical pain and suffering before death. And our pain and suffering over the losses herein. He looked at me and he was crying over the treatment they were given him and I was helpless to do anything about it because the defendants wouldn't give me the records. I have nightmares over it and I have a broken heart over it. And I have never been the same. I've had depression and everything else, but I don't have time to go and get treatment despite my doctor recommending ketamine treatments for extreme depression that will not go away. **Eddy was starved and neglected by the defendants' actions, and I am a survivor and an heir in this case,** and we have **damages to the estate** and to me and to Eddy because he died of medical neglect and gross negligence. Eddy had Severe emotional distress and mental and emotionally extreme sufferings, and I never saw him cry in my whole life, but he wept. He was weeping and looking at me straight in the eyes. I am so hurt by this. He suffered from distress and mental anguish. I'm not sure if Tricare paid for this or if we did but I object to any settlement money being taken for this alleged medical care from us by these defendants because they caused the damages in this case and they should have to pay for every cent of Eddys medical care, if not more. We claim medical expenses caused by negligent treatment if these were paid and future payments over distress, For us. My father's treatment was substandard, we asked for alternative treatments because it would have been better

than what Eddy was getting but they denied this. To us. And basically, they starved Eddy to death by neglecting him and we plead gross negligence and survival claims and that we should be compensated for this negligence and in general. We have Damages for Starvation and dehydration injuries and death issues Related to gross negligence and negligence caused by the defendants and their employees and their hospital and we have loss of life, value and enjoyment.

## Damages for Survival Claims

**(87).. - Damages: To us and to the estate.**

**We plead the following damages (+These Damages+) on page 17 of the FTCA BUT NOT LIMITED TO THESE THINGS.**

**(88)..** Hospital bills, medication costs, and emergency care expenses directly resulting from the defendants' negligence. Funeral and burial expenses. Out-of-pocket expenses, probate-related costs (including appeals and court costs), and expenses for obtaining death certificates and document copies. Legal fees, travel costs, and related expenses. Loss of financial support, including lost income, lost wages, and loss of earning capacity. Loss of retirement benefits and Social Security income from Eddy, including approximately $16,000/month in Social Security, $26,000/month in retirement benefits, and Walmart retirement funds totaling about $488,000—an estimated combined loss of over $530,000. We plead all Loss of inheritance loss of gifts. And Non-Economic Damages and Economic damages allowed under Texas and federal law and mental anguish for Eddy and Gladys and the estate... We plead: Pain and suffering endured by Eddy before death. And our pain and suffering over Eddy's death. Mental and emotional distress, anguish, and suffering experienced by both Eddy and Plaintiff. Loss of companionship, love, consortium, and enjoyment of life, including diminished quality and value of time spent together. And any other damage permitted under Texas and federal law.

## Claim 6 – Damages for Obstruction and Delay

**(89)..** Plaintiff asserts a right to obtain medical records and autopsy evidence, which the defendants wrongfully withheld. This breach caused: Loss of opportunity to have medical experts review critical evidence, resulting in financial harm. Delay in securing legal representation, as no competent attorney would take the case without access to necessary medical and autopsy documents. This caused Concealment or destruction of evidence that severely prejudiced Plaintiff's rights. Plaintiff requests the court impose adverse inference or other sanctions, presuming destroyed evidence would benefit the plaintiff

**(90)..** Plaintiff's claims. Prima Facie Claim: -Plaintiff has established that defendants owed a special duty to Eddy and Plaintiff as next of kin, including respecting rights over the decedent's remains. Defendants breached this duty by denying access to records, mishandling remains and destroying evidence. This breach caused harm and wrongful death to Eddy and damages to Plaintiff, including mental and emotional anguish.

Damage Sought:

**(91)..** Medical expenses caused by negligent treatment, including costs from harmful medications like Remdesivir and morphine. Damages from starvation, dehydration, neglect, and substandard care. Funeral, probate, legal, and administrative costs. Lost income, retirement, Social Security benefits, and inheritance. Pain and suffering of Eddy and emotional distress of Plaintiff. Loss of companionship, consortium, and enjoyment of life. Financial losses and emotional distress due to defendants' refusal to release records and concealment of evidence. Legal expenses from delays and obstruction. Costs of ongoing medical or psychological care for family members due to emotional trauma caused by defendants. Defendants must be held fully accountable for all medical costs and related damages arising from their conduct. We incorporate the damage detailed on page 17 of the FTCA and under Texas law and we claim all damages allowed by Texas and federal law and We plead **(+These Damages+)**  on page 17 of the FTCA BUT NOT LIMITED TO THESE THINGS.

**Claim 7.** Personal Injury and Losses Related to loss of evidence caused by the denied Autopsy and Death. **Gladys and her father were both owed a duty of care, but we did not get such**.

. **(92)..** Breaches: Defendants failed to properly manage the circumstances surrounding my father's death and autopsy. And they failed to give me records so I could not save Eddy, But for the defendants and their wrong employees. To include everything in this petition that caused us personal injury.  These actions deprived us of vital information and legal remedies to stop Eddy's death, and we were personally injured on all of the claims and suffered losses and pain and loss of rights, and fair treatment and we suffered mentally and emotional and financially INJURIED and Eddy died. I was planning a party for his 90th birthday to celebrate his life. But for the defendants, denying records and law and next of kin rights and having bad treatment in general, Eddy might have lived and Gladys would not have suffered these injuries, and Eddy would not have died. .

**(93)...** We have damages of all kinds. And pain and sufferings of all kinds to include mental and emotional damages, FOR EDDY AND FOR GLADYS AND FOR THE ESTATE. We plead a <u>Prima</u> Facie Claim of Negligence as well on this case and incorporate the entire petition as supporting elements AND WE include all damages and breaches done to include (**THE List)** and DAMAGES ON this entire claim. The Defendants caused this loss by their negligence and gross negligent behaviors. Their actions were wrongful and negligent, and, on all claims, they injured the plaintiff and Eddy and the estate and personally injured Gladys specifically and her father. By all herein on this complete petition to include (the list) and the defendants compounded emotional trauma for. the plaintiff and Eddy by the defendants' actions and omission. The damages were predictable and foreseeable and caused by the defendant's reckless disregard for us and the law and for treatment but not limited to these things and by the approximate cause of the defendants' actions We lost my father and we were injured.

**(94)..** Damages: Emotional distress, loss of closure, and inability to pursue full justice over the losses that have occurred. And all damages allowed by law.  I pray for relief. <u>We incorporate the damage detailed on page 17 of the FTCA and under Texas law and we claim all damages allowed by Texas and federal law and We plead (+**These Damages**+) on page 17 of the FTCA BUT NOT LIMITED TO THESE THINGS.</u>

---

## Claim 8 – Negligent Misapplication of Law and Rights

**(95)..** <u>Plaintiff alleges as follows: **Duty**-Defendants owed Plaintiff a duty of care to respect and uphold Plaintiff's legal rights as next of kin, including the right to timely access medical records, to receive fair and lawful treatment, and to be provided with all legally required administrative processes and protections. **Defendants** breached this duty by: Obstructing Plaintiff's access to critical medical records. Denying Plaintiff's requests for alternative treatments for Eddy. Failing to follow applicable legal protocols regarding the handling of medical records, autopsy evidence, and Plaintiff's rights as next of kin. Treating Plaintiff unfairly and wrongfully, thereby interfering with Plaintiff's ability to protect and save the life of Eddy and ignoring her consent and in denying the administrative review. -And records. As a direct and proximate result of Defendants' negligent misapplication of the law and breach of duty, Plaintiff suffered injuries and damage, including emotional distress and mental anguish.</u>

**(96)..** <u>Damages=Plaintiff has incurred increased financial burdens and emotional suffering due to: Denial of access to medical records and administrative claims.  Loss of rights and protections guaranteed by law. Failure to provide hospital care and standards owed to Plaintiff and Eddy. The ultimate loss of Eddy's life, which Plaintiff alleges was preventable but for Defendants' negligence. Emotional damages stemming from the wrongful denial of Plaintiff's legal rights and fair treatment.</u>

**(97)..** Legal-Basis

Under Texas law, next of kin have a protected interest in the proper handling of a loved one's remains and the preservation of evidence related to the death. The negligent destruction or loss of autopsy evidence and denial of access to records constitute a compensable injury when caused by negligence, gross negligence, or wrongful conduct.

**(98)..** And we have damages here in on this entire petition. We incorporate the damage detailed on page 17 of the FTCA and under Texas law and we claim all damages allowed by Texas and federal law and We plead **(+These Damages**+)  on page 17 of the FTCA BUT NOT LIMITED TO THESE THINGS.

---

### Claim 9 – Negligent Mishandling of a Deceased Body and causing the loss of an autopsy

**(99)..** Plaintiff alleges as follows: **Duties were owed to Gladys by Defendants because Gladys was  the next of kin and had consented to the autopsy.  She was promised an investigation and the autopsy was promised.**  Defendants further breached their duties by: not doing the autopsy and going behind her back to her brother to ask if he wanted it after I had already consented to the autopsy and they knew such.

**(100)..** And they breached their duties by Transferring Eddy's body before the autopsy could be performed, despite Plaintiff's explicit instructions. Mishandling the body in a way that prevented preservation of critical evidence. Destroying, concealing, or failing to safeguard autopsy-related evidence and other crucial medical information. And they breach their duties by Misapplying hospital policies, Texas next-of-kin law, and federal regulations regarding consent and post-death procedures. Interfering with Plaintiff's ability to obtain medical evidence necessary to determine the cause of death. Obstructing Plaintiff's ability to pursue legal claims by depriving her of essential evidence. Plaintiff incorporates all factual allegations in this Petition into this claim.

**(101)..** Defendants owed Plaintiff a duty to preserve all evidence reasonably necessary to determine the cause of death, including the duty to honor Plaintiff's valid and timely consent for a full autopsy. This duty included truthful communications and compliance with consent procedures, and refraining from interfering with Plaintiff's ability to obtain medical evidence.

**(102)..** Defendants owed a duty to treat the body of Eddy C. Carr with dignity, respect, and proper care after death. Under Texas law, close family members hold a quasi-property right in a deceased's remains, including rights to control disposition, prevent unauthorized handling, and avoid emotional harm caused by mishandling.

**(103)..** Defendants owed a duty to follow Texas next of kin statutes, hospital policies, and applicable federal regulations that govern consent, post-death procedures, and the handling and disposition of remains. This duty required Defendants not to bypass Plaintiff's lawful authority, not to seek consent from unauthorized individuals, and not to misapply the law.

**(104)..** Defendants had a duty not to transport, release, or transfer Eddy's body without Plaintiff's consent. This included providing timely notification to Plaintiff and allowing her to exercise her legal rights before any post-mortem action. Defendants also had a duty to preserve all autopsy-related evidence, medical documentation, and information needed to determine the cause of death. This duty prohibited destruction, concealment, or loss of evidence Plaintiff was legally entitled to receive.

Defendants breached these duties by:

**(105)..** Mishandling Eddy's body after death, failing to treat his remains with proper care and dignity. Transporting Eddy's body to a funeral home in Schertz, Texas, without Plaintiff's consent and contrary to her explicit instructions. Failing to notify Plaintiff of this transfer, denying her the opportunity to exercise her legal rights as next of kin. Interfering with Plaintiff's right to a full autopsy by bypassing her valid consent and instead seeking authorization from an unauthorized individual. Allowing Plaintiff's brother, who lacked legal authority to override Plaintiff's consent, to decline the autopsy on Plaintiff's behalf. Failing to perform the autopsy Plaintiff consented to and was promised, thereby depriving her of critical medical evidence.

**(106)..** Destroying, concealing, or failing to preserve autopsy evidence and other crucial medical information. Misapplying hospital policies, Texas next of kin laws, and federal regulations regarding consent, authority, and post-mortem procedures. Obstructing Plaintiff's ability to obtain necessary records, autopsy reports, and documentation essential to pursue legal claims. Causing Plaintiff legal prejudice, financial loss, and emotional harm due to loss of evidence and denial of her Because of Defendants' negligent mishandling: The autopsy was never performed, resulting in loss of expert medical findings, investigative reports, and documentation and the expert witness that Gladys would have had, but for the defendants.

**(107)..** Plaintiff was deprived of the ability to determine the true cause of death and fully pursue claims arising from Eddy's death. Plaintiff suffered emotional distress, financial losses, and legal disadvantages. Plaintiff lost her evidence and her expert witness and her free medical merit report for her case and could not get an attorney because of it and she lost the documentations and closure and peace and happiness and has had to sue and it's been difficult typing all the time and trying to stay ahead of the game because I have the hand injuries and I have to type with TWO fingers and I don't know the law if I had an attorney everything would be easy for me but the defendants lost my evidence by transporting the body over and they didn't even tell me I had to find out and I was devastated at the viewing and sick and I just wanted to weep.

**(108)..** Plaintiff provided valid consent for a full autopsy, which Defendants accepted, and Plaintiff was informed the autopsy would be performed at no cost. Despite this, Defendants disregarded Plaintiff's consent, unlawfully sought conflicting authorization from an unauthorized individual, and failed to perform the autopsy. Defendants had no legal right to override Plaintiff's lawful consent.

## **Damages for Negligent Mishandling of the Body and Loss of Autopsy / Evidence**

**(109)..** Plaintiff suffered significant damages as a direct and proximate result of Defendants' negligent mishandling of the body, unauthorized transfer of remains, interference with autopsy consent, and destruction of evidence. These damages include, but are not limited to:

**(110)..** Emotional and Mental Anguish-Emotional distress, mental anguish, and trauma caused by the loss of the autopsy and the destruction of critical evidence.. Emotional harm resulting from the unauthorized transfer of the body and the denial of Plaintiff's right to control the disposition of her father's remains. Loss of closure, including the inability to say goodbye, view the body, or obtain answers regarding the circumstances of death. Distress caused by Defendants' disregard for Plaintiff's rights and the dignity of the deceased.

 Loss of Evidence and Legal Prejudice

**(111)..** Loss of the ability to obtain medical evidence that would have been produced through the autopsy. Loss of the ability to determine the true cause of death. Loss of the ability to fully pursue certain legal claims due to the destruction of evidence. Legal prejudice and disadvantage in proving negligence, gross negligence, and wrongful death claims. Financial and Economic Losses Financial losses associated with attempting to obtain records, autopsy information, and related documentation. Expenses resulting from the premature transfer of the body. Funeral-related expenses affected by the unauthorized transfer costs, travel costs, and filing fees incurred because of Defendants' mishandling and obstruction. **Loss of the expert medical findings, investigative report, and documentation that would have resulted from the autopsy**. And a free expert witness for ,my trial who could have proven my case.

**(121)..** Personal injury arising from Defendants' interference with Plaintiff's next-of-kin rights, including emotional harm, mental anguish, and loss of dignity for the deceased. Injury caused by Defendants' misapplication of law, bypassing of Plaintiff's authority, and obstruction of her ability to protect her father's rights and her own.

Damages Recognized Under Texas Law

**(122)..** Texas law recognizes that next-of-kin have a protected interest in: The proper handling of a loved one's remains. The preservation of evidence related to the death. The right to control disposition and prevent unauthorized handling. Texas courts—including the Texas Supreme Court—have held that mental-anguish damages are recoverable for mishandling of remains even without a contract with the hospital or funeral home. Mishandling of a body creates a unique emotional injury, and the loss of an autopsy constitutes a compensable harm.

## Damages Allowed Under Federal and Texas Law

**(111)..** Plaintiff seeks all damages permitted under Texas and federal law, including: we incorporate the damage detailed on page 17 of the FTCA and under Texas law and we claim all damages allowed by Texas and federal law and We plead **(+These Damages**+) on page 17 of the FTCA BUT NOT LIMITED TO THESE THINGS. And all economic damages-Non-economic Damages-Compensatory damages Consequential damages-Any other relief the Court deems just and proper These damages apply to negligent mishandling of remains, and destruction of evidence, interference with next-of-kin rights, and personal injury and mental and emotional losses and damages and funeral home deprivations that denied me to be their at the cremation and that caused me other cost.

### PRAYER FOR RELIEF

**(112)..** Plaintiff respectfully requests that this Court grant judgment in her favor and against Defendants as follows: and Award all economic and non-economic damages to which Plaintiff is justly entitled to by law entitled under Texas law and applicable federal law, including but not limited to: Medical expenses incurred prior to death; Funeral and burial costs; Lost income and benefits of the decedent; Loss of inheritance; loss of gifts, Pain and suffering; Emotional distress and mental anguish suffered by Plaintiff and family members; and Eddy. Loss of companionship, society, and consortium; And Award damages for obstruction, delay, and destruction of evidence, including but not limited to: Costs incurred due to the denial of access to medical records; Loss or destruction of autopsy reports and related evidence essential to the case; Any consequential damages related to such obstruction ;Award all damages allowable by law, including but not limited to: Compensatory damages under Texas wrongful death and survival statutes;

**(113)..** Consequential damages as warranted by Defendants' negligence and gross negligence characterized by reckless disregard for the health and rights of Plaintiff's decedent; Award all costs of litigation, including attorney's fees, court costs, and expenses related to appeals; Order that no deductions be made for any medical costs from the damages awarded, as Defendants are liable for medical malpractice and owe full compensation to Plaintiff; Award any additional damages related to the mental anguish and emotional suffering endured by Eddy and Plaintiff and Plaintiff's family as a direct result of Defendants' wrongful acts; and consider damages over the loss of the evidence,

And Grant any other and further relief as the Court deems just and proper.

**(114)..** Plaintiff alleges that Defendants' negligence and gross negligence, marked by reckless disregard for the health and rights of Plaintiff's decedent, and her father directly caused injury, suffering, and death, thereby entitling Plaintiff to full and fair compensation as provided by law.

Wherefore, Plaintiff respectfully requests that this Court grant a judgment OUR favor and against Defendants as follows: Award all economic and non-economic damages to which Plaintiff is entitled under Texas law and applicable federal law, including but not limited to medical expenses, funeral

and burial costs, lost income and benefits, loss of inheritance, and grant cost, funeral home expenses and court cost and fees and  pain and suffering, emotional distress, and loss of companionship, and mental anguish regarding this case. And award damages for obstruction, delay, and destruction of evidence, including costs incurred due to the denial of access to medical records and loss of autopsy reports for the death and for the **(LIST) a AND b AND FOR ALL HEREIN**

**(115)..** And ward all other damages allowable by law, including consequential damages and costs of litigation, including, court costs, and expenses related to appeals. All Damages Allowed by Law: We hereby claim all economic and non-economic damages as permitted under Texas state law and applicable federal law, including but not limited to compensatory damages.

**(116)..** And Order such and other further relief as the Court deems just and proper. Plaintiff alleges that Defendants' negligence and gross negligence—characterized by reckless disregard for the health and rights of Plaintiff's decedent—directly caused injury, suffering, and death, thereby entitling Plaintiff to full and fair compensation. The plaintiff also requests for adverse conditions related to the autopsy that information and those documents and evidence was priceless to the plaintiff and I also pray for any additional damages related to mental anguish for my father and for me and for the emotional sufferings that we went through and for all cost herein and that the court not allow anything to be taken out for medical cost because the defendants are not owed medical cost instead they owe us for their medical maltreatment.. — Pain and Suffering Can Be BOTH Economic and Non-Economic Damages and it occurred for Eddy and Gladys and the Estate and we claim Pain & Suffering as Non-Economic Damages and economic damages and we claim Emotional distress, Mental anguish Physical pain-Loss of enjoyment of life--Grief, trauma, and other sufferings

**(117)..** The FTCA allows recovery of all damages allowed by state law, and some federal courts have recognized that certain "pain-related losses" can be treated as economic when they produce actual financial impact. And emotional distress and mental anguish and trauma and loss of closure and loss of evidence and the loss of expert testimony and funeral-related costs and legal prejudice, and interference with next-of-kin rights, and I experienced all of these, and Eddy suffered cruel and unusual pain. And Loss of the autopsy = economic damage Because it destroyed: evidence, expert findings-the ability to prove claims-and the ability to recover full damages-and these are financial losses, as well.  We request and We are entitled to relief. And we request these considerations.

Respectfully submitted.

_____

/S/Gladys Carr

11925 Ring drive apt 8105

Manor, Texas 78653

5127832840

**PROOF OF SERVOCE SENT BY EMAIL**

35